```
1  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
2  MARY KATE SULLIVAN (State Bar No. 180203)
   mks@severson.com
3  PETER H. BALES (State Bar No. 251345)
   phb@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
6  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
7
   Attorneys for Defendants
8  Wells Fargo Bank, and
   Patrick Carey
9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. CERON,<br><br>    Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, PATRICK CAREY, PRESIDENT, DOES, ROES, and MOES 1-100 et al.,<br><br>    Defendants. | Case No.: 07-cv-06348 PJH<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**<br><br>**Accompanying Documents:** Notice of Motion and Motion, and Declaration of Patrick Carey.<br><br>Hearing Date:   March 12, 2008<br>Time:           9:00 a.m.<br>Dept.:          3<br>Judge:          Phyllis J. Hamilton<br>Complaint Date: December 14, 2007<br><br>Trial Date:     None |

## I.   INTRODUCTION

Defendants, Wells Fargo Bank, N.A. and Patrick Carey, who is erroneously sued as "president" of Wells Fargo Bank, (collectively "Defendants") request that the plaintiff's complaint be dismissed. Mr. Ceron, as pro se, filed what he has entitled as a "Petition for Libel Review of an Administrative Judgment." However, Defendants cannot ascertain a single cognizable claim from the complaint and therefore turn to the Court for an order either dismissing

the case for the reasons addressed in this memorandumor, in the alternative, directing Mr. Ceron to file a complaint that complies with the Federal Rules of Civil Procedure.

The complaint should be dismissed for failing to state a cause of action upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) because the complaint is void of a cognizable legal theory. To the extent Court is able to discern a cause of action from the complaint, any claims should be dismissed for failure to plead averments that are "simple, concise, and direct" as required under Fed. R. Civ. P. 8(e).

Furthermore, since the summons and the complaint were never served properly upon either Wells Faro Bank or Patrick Carey, the complaint should be dismissed as against both Defendants under Fed. R. Civ. P. 12(b)(5).

In the alternative to dismissing the complaint on any of the grounds requested, Defendants request the Court to order plaintiff to make a more definite statement under Fed. R. Civ. P. 12(e) because Defendants are unable to file a responsive pleading to the complaint, in its current form.

## II. STATEMENT OF THE PLEADINGS AND FACTS

In his "Petition For Libel Review of an Administrative Judgment" (hereinafter "complaint" or "Compl."), Mr. Ceron names Wells Fargo Bank and Patrick Carey as "libellees" and "third party Defendants/Libellees". (See Compl. caption.) For purposes of this motion, Defendants have assumed they are in fact defendants in this suit, but the complaint is unintelligable as to what legal theories Mr. Ceron is asserting and what relief he is seeking from the Court.

Throughout the complaint, Mr. Ceron makes irrelevant and tangential citations to the bible[1] as well as various Federal statutes and acts without alleging facts that would support a finding that the Defendants violated any such statutes or acts.

The only facts clearly apparent to Defendants in this case relate to the service of process. The service of the summons and a copy of the complaint were mailed via certified mail to a P.O. Box in Portland, Oregon and addressed to Mr. Patrick Carey, as "President" of Wells Fargo Bank.

---

[1] See Compl. ¶13 ("The law of the flag: Man is created in the image of God and to reduce a man to chattel against the national debt is an affront to God. Exodus, 13:16 and Genesis 1:27.")

-2-

See Summons. However, Mr. Carey is not the president of Wells Fargo Bank. (See Declaration of Patrick Carey in Support of Defendants' Motion to Dismiss and Motion for More Definite Statement ("Carey Decl."), ¶ 2.) Furthermore, the P.O Box in Portland is neither Mr. Carey's place of residence nor place of business; thus service was never made upon Mr. Carey. See Decl., ¶ 3. According to the summons no other person was served on behalf of Wells Fargo Bank. (See Summons.)

### III. LEGAL ARGUMENT

#### A. The Complaint Fails to State A Single Claim Upon Which Relief Can Be Granted

Mr. Ceron's complaint as pleaded fails to assert cognizable legal theories upon which relief can be granted and thus should be dismissed. Fed. R. Civ. P. 12(b)(6).

The court can grant a 12(b)(6) motion to dismiss when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). To survive a motion to dismiss, a complaint must "put defendants fairly on notice of the claims against them." *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1101 (9th Cir. 2003) (citing *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)).

When evaluating a 12(b)(6) motion to dismiss, the court must accept as true all material allegations in the complaint. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). Moreover, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. *National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citing *In re VeriFone Securities Litigation*, 11 F.3d 865, 868 (9th Cir. 1993)).

-3-

Here, the complaint utterly fails to provide Defendants with notice of Mr. Ceron's purported legal claim and lacks a single cognizable legal theory. There is not a single heading in the complaint which addresses a specific cause of action. Furthermore, the complaint is laden with numerous conclusory allegations of law, all of which are unintelligible to Defendants.[2]

Because Mr. Ceron's complaint fails to plead a single cognizable legal theory or plead facts sufficient to reasonably infer a cognizable legal theory, Defendants request that the Court dismiss the complaint in its entirety.

**B.     The Complaint Should Be Dismissed For Failing to Plead Averments That Are "Simple, Concise, and Direct"**

To the extent the Court does find that the complaint pleads causes of action against either Mr. Carey or Wells Fargo Bank, Defendants request the Court to dismiss those claims for failing to plead all averments in a "simple, concise, and direct" manner as required under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(e).

"Rule 8(e) requiring each averment of a pleading to be 'simple, concise, and direct' applies to good claims as well as bad, and *is the basis for dismissal independent of Rule 12(b)(6)*. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996), emphasis added; citations omitted. In *McHenry* the Ninth Circuit confirmed the District Court's dismissal of the complaint, noting that "prolix, confusing complaints…impose unfair burdens on litigants and judges." *Id.*

Here, Mr. Ceron's complaint, or as he titles it a "Petition for Libel Review Of An Administrative Judgment", is confusing, wordy, and indirect, which stands in stark contrast to Rule 8(e). Defendants request that the Court dismiss all claims for failing to comply with Rule 8(e).

---

[2] For example Mr. Ceron pleads "Libellees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit Prosecution, Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot proceed, Administrative or Judicial without committing perjury and causing further injury to the injured party petitioner/libellant/claimant." Compl. ¶ p.

-4-

### C. The Complaint Should Be Dismissed Against Wells Fargo Bank and Patrick Carey for Insufficient Service of Process

A copy of the summons and the complaint were attempted to be served on Defendant Patrick Carey as an individual and on behalf of Wells Fargo Bank. But because Mr. Carey never received this summons at his residence or place of business the complaint should be dismissed for insufficient service of process. Fed.R.Civ.P. 12(b)(5).

Federal Rule of Civil Procedure 4(h) proscribes the manner for service upon a corporation, which allows service in the same manner as individuals under Rule 4(e)(1) or by delivering a copy of the summons and the complaint to an "*officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...*" Fed. R.Civ.P. 4(h), emphasis added.

Rule 4(e)(1) provides that service may be effective in any judicial district of the United States "pursuant to the law of the state in which the district court is located, or in which service is effected…" Fed.R.Civ.P. 4(e)(1).

Thus, for service to be sufficient upon either Defendant it would have to comply with federal law, California law, or Oregon law since the district court is located in California and service was attempted to be made in Oregon.

Similar to Federal law, both California and Oregon permit service upon an *officer, director,* or some other head of the corporation. See Cal. Code Civ.P. §416.10; Or. Code Civ.P. 7(D)(3)(b), emphasis added.

Even if the Court finds Mr. Carey to be a proper person under the law to receive service on behalf of Wells Fargo Bank, service is still improper since service was never actually made upon Mr. Carey. (See Carey Decl., ¶3.) Because Mr. Carey never received the summons and complaint service was insufficient service upon Wells Fargo Bank and the complaint should be dismissed as against the Wells Fargo Bank. Fed.R.Civ.P. 12(b)(5).

Furthermore, the complaint should be dismissed as against Mr. Carey because, as an individual named in this suit, he never received service of process. (See Carey Decl., ¶3.)

-5-

The Federal Rules provide that individuals may be served by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's *dwelling house* or *usual place of abode*. Fed. R. Civ. P. 4(e)(2), emphasis added. A defendant's office or place of business is *not* his or her "usual place of abode" within the meaning of Rule 4. *United States v. McLaughlin,* 470 F.3d 698, 699 (7th Cir. 2006).

In contrast to Federal law, both California and Oregon allow service upon an individual at his or her *office* or *usual place of business*. See Cal. Code Civ. P. §415.20; Or. Code Civ. P. 7(D)(2)(c).

Here, it appears Mr. Ceron attempted to serve Mr. Carey by addressing the summons under his name. But Mr. Carey is not the "president" of Wells Fargo and neither resides nor has his business office at P.O. Box 4233 in Portland, Oregon. (See Carey Decl., ¶¶ 2, 3.)

Because Mr. Carey never received the summons and complaint, in his individual capacity or on behalf of the Bank the complaint should be dismissed as to both Defendants for insufficient service of process. Fed. R. Civ. P. 12(b)(5).

**D.    The Complaint is So Vague And Ambiguous That Defendants Are Unable to File A Responsive Pleading:**

In the alternative to the requests for dismissal of the complaint, Defendants move the Court for an order requiring plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is *so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading*, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e), emphasis added. A R. 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal, 1981); *Cellars v. Pacific Coast Packaging*, 189 F.R.D. 575, 578 (N.D. Cal., 1999).

The Ninth Circuit Court of Appeals has held that a plaintiff is not required to state the statutory or constitutional basis for his claim, but is required to state the facts underlying it.

-6-

*McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); citing *McCalden v. California Library Ass'n*, 955 F.2d 1214, 123-24 (9th Cir. 1990). But even if a complaint is "not defective for failure to designate the statute of other provision of law violated, the judge may in his discretion, in response to a motion for a more definite statement… require such details as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." 84 F.3d at 1179; citing Fed. R. Civ. P. 41(b).

In *McHenry* the Ninth Circuit confirmed the dismissal of plaintiff's complaint with prejudice because plaintiff, after three opportunities to amend, failed to amend the complaint to give the defendant's a fair opportunity to frame a responsive pleading. 84 F.3d at 1174. The Court emphasized that "…one cannot determine from the complaint *who is being sued, for what relief, and on what theory, with enough detail to guide discovery*." 84 F.3d at 1178.

Mr. Ceron has failed to allege any facts which would enable Defendants to determine what claim, if any, he is asserting and against which Defendant such claims are being asserted. The unintelligible language, incomprehensive allegations, the lack of specific understandable facts, and overall confusing structure of the complaint makes it impossible for Defendants to respond in any manner other than the instant motion.

Even the relief Mr Ceron requests from the Court is unascertainable. Mr. Ceron requests the Court to "order, cancels, any and all liens that Wells Fargo Bank has recorded against Roberto H. Ceron, US Cessel, of derivatives of the Eng Legis, thereof at the Solano County Recorder and/or the California Secretary of State, UCC Section." Compl. P.8, ¶C. Even if Mr. Ceron was entitled to recovery under an unknown claim, Defendants cannot possibly comply with a demand that makes no sense and cannot be understood.

Without further detail, Defendants have not been put on notice of what claims are asserted against them and cannot be reasonably expected to formulate a responsive pleading. Thus, Defendants requests the Court to grant its motion for a more definite statement.

-7-

## IV.   CONCLUSION

For all the reasons stated above, Defendants request that this Court grant its motion to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted, for failing to plead averments that are simple, concise and direct, and for insufficient service of process on each of the Defendants. In the alternative, Defendants request the Court to grant its motion for a more definite statement.

DATED: January 22, 2008                          SEVERSON & WERSON
                                                                       A Professional Corporation

                                                                       By:   /s/ Peter H. Bales
                                                                                    Peter H. Bales

                                                                       Attorneys for Defendants
                                                                       Wells Fargo Bank and Patrick Carey